UNITED STATES of America,
Appellee,

v.

Mitchell CUSHING, Defendant–
Appellant,

Russell Chimenti, Roger Detrano,
Defendants.

No. 02–1666.

United States Court of Appeals,
Second Circuit.

May 17, 2004.

Kim A. Berger, Assistant United States Attorney (Marc L. Mukasey, Assistant United States Attorney), for David N. Kelley, United States Attorney for the Southern District of New York, for Appellee, of counsel.

Peter F. Langrock (Frank H. Langrock, on the brief), Langrock Sperry and Wool, Middlebury, Vt, for Defendant–Appellant.

Present: NEWMAN, KEARSE, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED.**

Defendant-appellant Michael Cushing appeals from the judgment of the United States District Court for the Southern District of New York (Pauley, *J.*), convicting him, after a two-week trial, of conspiracy to commit securities fraud, obstruction of justice, and perjury, in violation of 18 U.S.C. § 371, securities fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff, 18 U.S.C. § 2, and 17 C.F.R. § 240.10b–5, and perjury, in violation of 18 U.S.C. § 1621, and sentencing him to concurrent terms of 60 months' and 97 months' imprisonment, three years of supervised release, and a $300 special assessment. For the reasons that follow, we affirm.

First, we find that the evidence that Cushing had engaged in securities fraud while he was employed at Monitor Investment Group, Inc., Meyers Pollock Robbins, Inc., and Hoffman Schneider, was properly admitted at trial pursuant to Federal Rule of Evidence 404(b) for the three reasons urged by the government, to wit: to prove the charge in the indictment that Cushing withheld material information concerning his background and qualifications from WAMEX investors; to establish that Cushing did so intentionally; and to explain to the jury, Cushing's relationship with Anthony Hidalgo. *See United States v. Germosen,* 139 F.3d 120, 127 (2d Cir. 1998) ("[O]ther acts evidence ... can be admitted for any purpose except to show criminal propensity ....") (internal quotation marks and citation omitted). Cushing's argument that he was not under an affirmative duty to disclose all information concerning his prior work experience in his press releases and other public announcements goes to the validity of the material omission charge, not to the admissibility of the evidence necessary to prove it. We also reject Cushing's alternative argument that the probative value of the evidence was substantially outweighed by its potential for unfair prejudice. *See* Fed.R.Evid. 403.

■ Second, we hold that the district court did not commit plain error by failing to poll the entire jury to determine whether or not any of its members had been prejudiced by exposure to the *New Yorker* cartoon.[1] Given the non-specific subject of the cartoon, Juror # 11's assurances that she had not attempted to influence other members of the jury, as well as the "wide discretion" afforded district courts "in deciding how to pursue an inquiry into the effects of extra-record information," *United States v. Hillard,* 701 F.2d 1052, 1064 (2d Cir.1983), it was within the discretion of the district court to conclude, after questioning Juror # 11, that no further inquiries were necessary. Although in *United States v. Hunnewell,* 891 F.2d 955 (1st Cir.1989), relied on by Cushing, the district court questioned each juror individually to determine whether the jury had been prejudiced by exposure to a cartoon, *id.* at 960, *Hunnewell* did not prescribe a procedure to be followed mechanistically in all cases involving alleged jury contamination. On the contrary, *Hunnewell* makes clear that district courts "possess[ ] considerable leeway in determining when and how to interrogate the venire." *Id.* at 961.

■ Third, Cushing argues that the district court improperly adopted the $24 million loss amount set forth in the Presentence Investigation Report ("PSR"). Because, at sentencing, Cushing did not challenge the PSR's calculation but argued instead that the entire loss amount was not attributable to him, we review Cushing's instant contention for plain error. Cushing conceded at the sentencing hearing that the sale of WAMEX shares resulted in a $20 million loss. The government, more precisely, explained in a letter brief that "19.5 million shares of WAMEX stock ... were sold in the marketplace ... for a total of $20.4 million." Because the loss of $20.4 million—like a loss of $24 million—required the enhancement of Cushing's offense level by 16 steps pursuant to U.S.S.G. § 2F1.1(b)(1)(Q),[2] any error by the district court in adopting the PSR's $24 million loss calculation did not affect Cushing's substantial rights. In addition, we find that the district court did not err in attributing the entire loss amount to Cushing as a foreseeable consequence of his jointly undertaken criminal activity. *See* U.S.S.G. § 1B1.3(a)(1)(B).

■ Finally, we hold that the district court committed no error in enhancing Cushing's sentence for use of "sophisticated means" pursuant to U.S.S.G. § 2F1.1(b)(6)(C). Cushing argues that the district court should not have applied the enhancement because his involvement in the stock manipulation was limited to making public statements. But, as noted above, the Guidelines provide that, in cases of jointly undertaken criminal activity, a

1. The government argues that Cushing waived his right to request individual polling by failing to request this procedure before the district court. We, however, do not need to address whether a criminal defendant can waive his or her right to an impartial jury, an issue identified but not resolved in *United States v. Nelson,* 277 F.3d 164, 205 (2d Cir. 2002), because even if the right to an impartial jury cannot be waived, the lack of the procedural step of polling to determine whether any other juror had seen the cartoon does not mean that the defendant was denied the right to an impartial jury. In *Nelson,* we were careful to point out that "we do not assert that the presence of a possibly biased juror, whose bias has never been challenged by defendants at *voir dire,* necessarily taints the jury panel." *Id.* at 206.

2. All references herein are to the May 1, 2000 version of the Guidelines, the version applied at sentencing.

defendant is responsible for "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B); *see United States v. Lewis,* 93 F.3d 1075, 1084 (2d Cir.1996) (holding that "sophisticated means" is an offense characteristic, not a characteristic of an individual defendant; "[a] defendant cannot escape punishment simply by contracting out to his accountants the dirty work of tax evasion"); *see also United States v. Miles,* 360 F.3d 472, 482 (5th Cir.2004) (rejecting the defendant's argument that the sophisticated means enhancement could not be applied to her where she allegedly did not personally use sophisticated means, because her co-conspirator's use of sophisticated means was reasonably foreseeable to her). We also reject Cushing's contention that the district court's imposition of enhancements under both U.S.S.G. § 2F1.1(b)(5)(C) and § 2F1.1(b)(2) resulted in impermissible double counting. Indeed, the district court enhanced Cushing's sentence pursuant to U.S.S.G. § 2F1.1(b)(2), not, as Cushing contends, for "more than minimal planning," but rather for a scheme to defraud more than one victim.

Accordingly, for the foregoing reasons, we AFFIRM the judgment of conviction and sentence of the district court.